## ANDREW BROWN v. THE STATE.

1. CRIMINAL LAW. *Assault to ravish a child of five years. Not punishable as such. But under sec.* 4630. Sec. 4615 of the Code, which provides a punishment for an assault and battery with intent to commit a rape, does not apply to cases where the female is under ten years of age, but such offender is punishable under sec. 4630 of the Code.

Case cited: Rhodes *v.* The State, 2 Cold., 353.

Code cited: Secs. 4615, 4630.

2. JURY. *Judges of law and fact.* The rights of a jury to judge of both law and fact discussed.

3. CHARGE TO JURY. *Duty of judge.* Where the Circuit Judge differs with the Supreme Court in the construction of a statute and so charges the jury. Whether grounds for reversal—discussed.

· FROM SHELBY.

From the Criminal Court. JNO. R. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

No brief for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Andrew Brown was indicted in the Criminal Court at Memphis for feloniously and violently making an assault and battery upon the body of Alvesta Tibbs, a female child of the age of five years, and under the age of ten years, with the intent then and there, violently and forcibly, and against the will of her, the said Alvesta Tibbs, to feloniously, forcibly, and against

her will, have unlawful carnal knowledge of her the said Alvesta Tibbs.

He was tried by a jury who found him guilty as charged, and he was sentenced to five years imprisonment in the penitentiary. Motions for a new trial and in arrest of judgment were made and overruled, and defendant has appealed to this court.

The defendant was indicted under sec. 4615 of the Code, which enacts that "any person guilty of committing an assault and battery upon any female, with an intent, forcibly and against her will, to have unlawful carnal knowledge of her, shall, on conviction, be imprisoned in the penitentiary not less than two nor more than five years."

The evidence fully supports the finding of the jury, and the conviction must stand, unless it shall be determined that the section of the Code cited was not intended to apply to a female child under the age of ten years. The Criminal Judge instructed the jury that the Supreme Court had interpreted that section as not applying to females under ten years of age, but he was of opinion this was an erroneous interpretation of the section, and that by a proper construction of it, the offense charged in the indictment could be committed upon a female under ten years of age. He submitted to the jury to determine whether the Supreme Court or himself was right in their respective constructions of the section. The jury determined that the Criminal Judge's interpretation was the true one, and found the defendant guilty accordingly.

It is not to be doubted that in criminal cases the

juries are judges of the law as well as of the facts, and we cannot say that they have not the abstract right to disregard and overrule the law as declared by the Supreme Court, but the error of that court ought to be entirely clear, to justify so extraordinary an exercise of the right.

It is the duty of the Circuit or Criminal Judge to instruct the jury as to the law of the case, and it is frequently said that in so doing he acts as a witness as to what the law is, and that like any other witness, he may be discredited by the jury if they are well satisfied that his testimony is untrue. It has been usually regarded as a rather rash thing for a jury to assume to know the law better than the presiding judge, yet the abstract right exists and occasionally it is exercised. But this case is novel in this, that the Criminal Judge virtually repudiates and overrules the law as declared by the Supreme Court, and gives to the jury his own view as the law of the case, conceding, however, to the jury the right to adopt the law as he understands it, or as the Supreme Court has expounded it. We are inclined to the opinion that in charging juries, it is the duty of the judges of the inferior courts to take the law as determined by the Supreme Court, and to give the same as the law to the juries; but we are not prepared to say that if an inferior judge believes that the law as declared by the Supreme Court was erroneously so declared, it would be a reversible error in him to state to the jury his individual dissent.

The construction of the Code, sec. 4615, which was

in this case somewhat unceremoniously overruled by the jury, was made by Judge Caruthers in the case of *Rhodes* v. *The State*, 2 Cold., 353, and was concurred in by Judges Wright and McKinney. It would be difficult to find higher judicial authority for the correctness of a judicial declaration of the law than such a decision as this. It was declared, too, in a case like the present, well calculated to incline the court to adopt a construction which would sustain the conviction; yet that court, after a careful examination of the several sections bearing on the question, say: "We are of opinion that this section has reference only to cases where, if the intent was carried out, the offense would be rape. That would not be so if the female was under ten. In the description of crime intended to be committed, the words employed in the definition of rape are used. The intent must be to have carnal knowledge of the female 'forcibly and against her will.' This would not be necessary to create the offense perpetrated on a female under ten."

After receiving this reasoning and testing it carefully by reference to the several provisions of the Code, we cannot say that the true intention of the Legislature was not reached in that opinion.

It does not result from this view of the section under examination, that there is no provision made in the Code for the punishment of the offense of which the proof seems to show that defendant was guilty. By sec. 4630, if any person assault another with intent to commit any felony or crime punishable by imprisonment in the penitentiary where the punishment

is not otherwise prescribed, he shall, on conviction, be punished, etc. The proof in the case would tend to show that defendant was guilty of an assault with intent to commit the offense described in sec. 4614, for attempting to commit which offense the punishment is not otherwise prescribed.

We are of opinion that the charge of the court below was erroneous. The judgment is reversed, and the cause remanded for another trial.